LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| PABLO ALEJANDRO CARLO OQUIL, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiff, | |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** Jury Trial Demanded |
| NATIONAL LABOR STRATEGIES, L.L.C. and HANUL CORPORATION, | |
| Defendants. | |

---

Plaintiff, PABLO ALEJANDRO CARLO OQUIL ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, NATIONAL LABOR STRATEGIES, L.L.C. and HANUL CORPORATION ("Defendants") and states as follows:

## INTRODUCTION

1.       Plaintiff alleges, (a) pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to an impermissible rounding policy, (2) liquidated damages and (3) attorneys' fees and costs, and Plaintiff, further alleges that, (b) pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), he entitled to recover from Defendants for damages suffered, including but not limited to lost wages and benefits, interest, and reasonable attorney's fees and costs.

2.       Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to an impermissible rounding policy, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§1331, 1343 and 2202 to secure protection of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.       Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.       Plaintiff, PABLO ALEJANDRO CARLO OQUIL, for all relevant time periods, was a resident of New York County, New York.

6.      Defendant NATIONAL LABOR STRATEGIES, L.L.C. is a New Jersey Corporation which has registered in the state of New Jersey as a domestic business corporation and was and continues to do business in the state of New York at an office located at 570 W. 189th Street, New York, NY 10040. Plaintiff OQUIL was hired through Defendant NATIONAL LABOR STRATEGIES, L.L.C.'s New York office.

7.      Defendant HANUL CORPORATION is a New Jersey corporation with a principal place of business in New Jersey. HANUL CORPORATION operates a warehouse in New Jersey, which employed Plaintiff OQUIL, at 210 Riser Rd., Little Ferry, NJ, 07643.

8.      At all relevant times, each of Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and a "covered employer" within the meaning of the FMLA.

9.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

10.     At all relevant times, Plaintiff was a "covered employee" within the meaning of the FMLA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including maintenance workers, cleaners, washers, pressers, loaders, and counterpersons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them wages for all hours worked, including those at the overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including, but not limited to, maintenance workers, cleaners, washers, pressers, loaders, and counterpersons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, all culminating in a willful failure to (i) pay them wages for all hours worked, including those at the overtime premium for hours worked in excess of forty (40) each workweek, (ii) pay them "spread of hours" premium for each workday that exceeded ten (10) or more hours, (iii) provide them with wage and hour notices upon hiring and as legally required thereafter, and (iv) provide them with proper wage statements for each payment period.

19.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the
vindication of their rights while eliminating or reducing these risks.

22.    There are questions of law and fact common to the Class which predominate over
any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of
the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and
plans of Defendants regarding the types of work and labor for which
Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was
and are Defendants required to pay Plaintiff and Class members for their
work;

d) Whether Defendants properly notified Plaintiff and Class Members of their
hourly rate and overtime rate;

e) Whether Defendants properly compensated Plaintiff and Class members for
all hours worked under state and federal law;

f) Whether Defendants provided to Plaintiff and Class members proper wage
and hour notice, at date of hiring and annually, per requirements of the New
York Labor Law; and

g) Whether Defendants provided to Plaintiff and Class members proper wage
statements with each payment of wages as required by New York Labor Law.

**STATEMENT OF FACTS**

23.    In or around January 2018, Plaintiff PABLO ALEJANDRO CARLO OQUIL was hired by Defendants' NATIONAL LABOR STRATEGIES LLC to work as a stocker in a warehouse owned and operated by HANUL CORPORATION.

24.    NATIONAL LABOR STRATEGIES, L.L.C. and HANUL CORPORATION both either principally employed Plaintiff or acted directly through their agents with respect to Plaintiffs' employment.

25.    Plaintiff worked for Defendants until on or around August 20, 2019, when his employment was terminated by HANUL CORPORATION. NATIONAL LABOR STRATEGIES, L.L.C. actively participated in the ongoing management of Plaintiff's employment and approved of the termination of his employment.

26.    Throughout his employment with Defendants, Plaintiff was scheduled to work from 9:30 A.M. until 6:30 P.M. five days per week, for a total of forty-five (45) hours per week.

27.    From the start of Plaintiff's employment through December 2018, Plaintiff was compensated on an hourly basis of $9.00 per hour. From January 2019 until August 2019, Plaintiff was compensated on an hourly basis of $11.00 per hour.

28.    Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members had similar work schedules and received similar hourly rates.

29.    Plaintiff was not paid for all of his hours worked. Throughout Plaintiff's employment with Defendants, Plaintiff was regularly required to clock-in and clock-out. At all times, Plaintiff suffered from Defendants' policy of rounding to the nearest 15-minute interval, which reduced the number of hours worked as reported on Plaintiff's wage statements. Plaintiff

was time-shaved at least one (1) hour per workweek. Depending on the number of hours Plaintiff worked in any given week, the off-the-clock hours would be overtime hours, which should be paid at an overtime premium rate. Based on his observation and conversations with other non-exempt employees, Defendants' rounding policy was a common policy that applied to all non-exempt employees.

30.     Because of Defendant's policy of rounding, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive compensation for all of their hours worked, including overtime hours, because the hours worked as reflected in the paystubs were incorrect.

31.     Plaintiff OQUIL suffers from chronic osteoarthritis. In August 2019, Plaintiff requested two (2) days off for medical appointments to deal with his condition. Although Plaintiff provided records demonstrating the medical necessity of these appointments, Defendants terminated Plaintiff's employment.

32.     During his employment with Defendants, Plaintiff never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.

33.     Defendants failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendants provided fraudulent wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar fraudulent wage statements due to Defendants' policy of time shaving.

34.     Defendants knowingly and willfully operated their business with a policy of not paying employees for all hours worked, including overtime hours, due to an impermissible rounding policy, in violation of the FLSA and New York Labor Law

35.     Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.

36.     Defendants unlawfully failed to provide Plaintiff and Class Members with proper wage statements for each pay period, as required under the NYLL.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

38.     Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action complaint as if fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

42.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

43.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked due to an impermissible rounding policy.

44.     Records, if any, concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

48.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

49.     Plaintiff realleges and reavers Paragraphs 1 through 48 of this lass and collective action complaint as if fully set forth herein.

50.     Defendants violated Plaintiff's statutory protected rights under the FMLA, by retaliating against Plaintiff for exercising his right to take medical leave.

51.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the FMLA.

52.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages and the costs of bringing this action.

53.     Due to Defendants' violation under the FMLA, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) front pay, (3) liquidated damages, and (4) attorneys' and expert fees and costs.

**COUNT III**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this class and collective action complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

56.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-

half the regular rate for overtime hours worked, due to Defendants' impermissible rounding policy.

57.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

58.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

59.    Defendants failed to provide proper wage statements with every payment as required by New York Labor Law § 195(3).

60.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, FMLA, and the New York Labor Law.

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to Defendants' rounding policy;

e.      An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to the New York Labor Law;

h.      An award of back pay, front pay, and liquidated damages as a result of the FMLA violations alleged herein;

i.      An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.      Designation of Plaintiff as a Representative of the Class; and

m.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: January 8, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011

Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

By: _ */s/ C.K. Lee_____
C.K. Lee, Esq. (CL 4086)